UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| URVI NAIK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BOSTON CONSULTING GROUP,<br><br>　　　　　Defendant. | Civil Action No.<br><br>2:14-cv-03097-SDW-LDW<br><br>**REPORT & RECOMMENDATION** |

### LEDA DUNN WETTRE, U.S.M.J.

　　This is an employment discrimination action brought by a former employee of defendant Boston Consulting Group who is litigating this action *pro se*. Defendant moves to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 41(b), for plaintiff's failure to comply with Court Orders, and pursuant to Rules 16(f) and 37(b)(2)(A), as a sanction for failure to participate in discovery and comply with the Orders compelling such discovery. (ECF No. 125).

　　Although mindful of the leniency with which the Court should treat *pro se* litigants, plaintiff's refusal to respond to defendant's discovery demands has been of such a deliberate, repetitive and prolonged nature that it has prevented the forward progress of this action. In particular, plaintiff's refusal to appear for deposition has impeded defendant's ability to obtain sufficient information about plaintiff's vaguely pleaded claims to prepare its defenses. Given that the plaintiff could have at any time decided to submit to deposition in order to avoid dismissal of this action, but refused to do so, the Court finds that no lesser sanction than dismissal would be effective or appropriate. Therefore, for the reasons more fully set forth below, the undersigned respectfully recommends that U.S. District Judge Susan D. Wigenton dismiss this action with prejudice, pursuant to Federal Rules of Civil Procedure 41, 37 and 16.

## BACKGROUND

### I. The Complaint

Plaintiff Urvi Naik commenced this action *pro se* in May 2014. In her Complaint, she alleges that she was retaliated against and terminated from her position as an account manager at defendant Boston Consulting Group based on her race, national origin, religion, sex, color, and pursuant to the Equal Pay Act. (ECF No. 1).

In July 2014, plaintiff filed a separate discrimination action against the same defendant, based upon the same set of facts, in the Superior Court of New Jersey, Essex County. Defendant removed that action to this Court (Civ. A. No. 14-6901 (SDW) (SCM), ECF No. 1), where it was consolidated with this action. (ECF No. 13).

In April 2015, the Court granted defendant's motion for a more definite statement because plaintiff's complaint was "vague and ambiguous," and ordered plaintiff to file an amended complaint curing these defects. (ECF No. 21). After obtaining a 14-day extension of time to do so, plaintiff filed the amended complaint in July 2015, and defendant answered in August 2015. (ECF Nos. 29, 37).

### II. Plaintiff's Failure to Appear for and Cooperate with Scheduling Conferences

The then-presiding Magistrate Judge, Steven C. Mannion, scheduled an initial conference for September 2, 2015. Plaintiff did not appear at the conference. (09/02/2015 Minute Entry). The Order following the conference reflects that "Plaintiff Naik did not receive leave to adjourn or not appear for the conference and failed to appear for today's conference after telephoning chambers and reportedly stating that she would appear for trial but not for conferences." (ECF No. 38). It further noted that plaintiff had not maintained current contact information with the Court as required. (*Id.*).

Shortly afterwards, the action was transferred to the undersigned Magistrate Judge for case management. The Court scheduled an in-person initial scheduling conference for October 27, 2015. (ECF No. 43). Once again, plaintiff neither appeared for the conference nor participated in developing a joint discovery plan as ordered by the Court. (ECF Nos. 44, 48).

Accordingly, the Court issued an Order recounting plaintiff's history of noncompliance with Court Orders and ordering her to appear in person on December 16, 2015 to show cause why her case should not be dismissed. (ECF No. 48). Plaintiff appeared at the hearing, and the Court, a year and a half after this action was filed, was finally able to enter a discovery schedule by way of a Pretrial Scheduling Order. (ECF No. 53).

### III. Plaintiff's Refusal to Participate in Discovery

#### A. The February 2016 and March 2016 Orders to Respond to Discovery Requests

In January 2016, defendant's counsel wrote the Court to advise that plaintiff had not responded to defendant's written discovery demands. (ECF No. 61). The letter attached an email from plaintiff, in which she seemed to suggest that she would not be responding to the demands. (ECF No. 61-2). In response, in early February 2016, the Court ordered plaintiff to respond to defendant's outstanding discovery requests on or before February 16, 2016. (ECF No. 62).

Plaintiff did not comply with the Court's February 2016 Order. She informed defendant's counsel that she was refusing to respond to their discovery requests, as ordered by the Court, writing, "I am not going to submit any discovery for above matter on or after February 16, 2016." (ECF No. 64-1, Exh. A). Accordingly, the Court granted defendant's request for leave to file a motion to dismiss based on plaintiff's failure to comply with the Court's Order. (ECF No. 69). Defendant filed its motion on February 25, 2016. (ECF No. 71).

Plaintiff subsequently requested an extension of time to respond to defendant's discovery

demands, asserting that her *pro se* status delayed her response. (ECF No. 75). In March 2016, the Court granted plaintiff's request for an extension and defendant agreed to withdraw its motion to dismiss without prejudice. (ECF No. 81). The Court's March 2016 Order gave Plaintiff a "*final*" extension, until April 11, 2016, to respond to defendant's discovery requests. (*Id.*).

In April 2016, plaintiff responded to the discovery demands in a very general fashion; her responses either directed the defendant to search elsewhere for records or referred defendant to her prior Court submissions. Plaintiff also refused to identify specific individuals with knowledge of the facts underlying her lawsuit or to recount the facts underlying her allegations. (ECF No. 83).

Defendant then moved, without Court leave, to dismiss the action on the grounds that plaintiff's responses were inadequate. (ECF No. 84). Following a telephonic status conference, the Court ordered defendant to identify more "specifically the information it s[ought] from plaintiff by way of" written discovery responses and ordered plaintiff to provide that information by May 20, 2016. Pending the outcome of this procedure, defendant agreed to withdraw its motion without prejudice. (ECF No. 86). Another telephonic status call was scheduled for June 2, 2016. (*Id.*).

### B. The June 2016 Order to Answer Interrogatories and Appear for Deposition

In May 2016, plaintiff advised that she would not be available for the June 2 status conference due to personal difficulties and her need to leave the country for several months. (ECF No. 88). The Court ordered plaintiff to participate in the conference and discovery if she wished to continue to pursue the action, and to clarify in writing whether she was seeking voluntarily to discontinue the action. (*Id.*) In response, plaintiff sent several letters to the Court in which she seemed to suggest her interest in continuing to pursue the action. (ECF Nos. 90-95).

On June 3, 2016, following the telephonic status conference (in which plaintiff ultimately participated), the Court ordered plaintiff to provide more specific written responses to certain of

defendant's interrogatories and document requests no later than June 30, 2016. The Court also ordered plaintiff to appear for deposition in the Courthouse on July 13, 2016, at 10:00 a.m., to provide information responsive to certain of defendant's interrogatories and otherwise allow defendant to examine her regarding the claims in the lawsuit.[1] (ECF No. 96).

On June 8, 2016, plaintiff wrote to the Court advising that due to personal difficulties and plans to leave the country, she "would not be available in person to submit [to] deposition on July 13, 2016 at 10:00 a.m. – Courtroom 4A," as the Court had ordered her to do. (ECF No. 100). Construing this request as a motion for reconsideration of the June 2016 Order, the Court denied plaintiff's request. (ECF No. 102). Plaintiff wrote to the Court several more times, asserting that she would not be available for deposition and again requesting an indefinite extension of time to prosecute the action. (ECF Nos. 103, 108-112). The Court ordered plaintiff twice more to appear for the deposition if she wished to proceed with the action, noting that she could, alternatively, seek to dismiss the action without prejudice. (ECF Nos. 105, 113).

Plaintiff did not appear for her July 13, 2016 deposition. The Court consequently granted defendant leave to file the instant motion to dismiss (ECF No. 121), which it did on August 15, 2016. (ECF No. 125). Defendant argues that the action should be dismissed based on, primarily, plaintiff's failure to comply with Court Orders to provide responsive answers to interrogatories and documents requests and to appear for her deposition. Plaintiff timely opposed the motion, again requesting an indefinite extension of time to pursue the action. (ECF No. 126).[2]

---

[1] In the Court's view, certain of the interrogatories could be more easily answered by plaintiff at deposition given her *pro se* status and her apparent difficulty with written responses.

[2] United States District Judge Susan D. Wigenton granted plaintiff's application to proceed *in forma pauperis* in July 2016. (ECF No. 118).

5

## ANALYSIS

Defendant moves for dismissal of this action under Federal Rules of Civil Procedure 41(b), 37(b), and 16(f). Rule 41(b) permits that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such a dismissal constitutes a decision on the merits. *Id.* Rule 37(b)(2)(A)(v) authorizes the Court to dismiss the action "in whole or in part" as a sanction for failure "to obey an order to provide or permit discovery," *see* Fed. R. Civ. P. 37(b)(2)(A)(v), and Rule 16(f) empowers the Court to impose the same sanctions against a party who fails to appear at a pretrial conference or to comply with a pretrial Order, *see* Fed. R. Civ. P. 16(f)(1).

Nevertheless, "[d]ismissal must be a sanction of last, not first, resort." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 869 (3d Cir. 1984). Therefore, when deciding whether to dismiss an action pursuant to any of the above Rules, courts should balance the six factors identified in *Poulis*. *See Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("We have required consideration of the *Poulis* factors when a district court dismisses a case pursuant to Rule 37(b) for failure to respond to discovery . . . [or] when a district court dismisses a case pursuant to Rule 41(b) for failure to prosecute . . . ." (citing cases)); *Mansaray v. Pumphrey*, Civ. A. No. 12-6262 (JBS) (AMD), 2013 WL 4008805, at *2-3 (D.N.J. Aug. 5, 2013) (considering whether to dismiss under Rule 16(f) by balancing the *Poulis* factors). The *Poulis* factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some are not met. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.

1992). The below analysis of the *Poulis* factors reveals that dismissal is appropriate.

### I. Plaintiff's Personal Responsibility

In this case, it appears that only plaintiff, who is proceeding *pro se*, can be responsible for her conduct, particularly her failure to appear for her deposition despite the Court's repeated admonitions that she must participate in discovery. *See Hoffman v. Palace Entm't*, 621 F. App'x 112, 114 (3d Cir. 2015) (concluding that because plaintiff was proceeding *pro se*, "she was personally responsible for failure to respond to discovery requests, court orders, and scheduled conferences and depositions" despite the magistrate judge's "warning that she would be sanctioned if she did not comply"). While refusing in July 2016 to appear for her deposition or respond to discovery demands on the grounds that she was not a position personally to litigate this action at that time, plaintiff thereafter continued to contact the Court via letter and telephone, as well as personally visiting the Courthouse, so there is no apparent reason why plaintiff was unable to appear for her deposition in the Courthouse as ordered. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (concluding *pro se* plaintiff was personally responsible where "there [was] a pattern of a failure to comply with the court's orders based upon unsubstantiated allegations of medical disability"). Plaintiff alone is responsible for her actions.

### II. Prejudice to Defendant

Plaintiff's conduct has prejudiced defendant's ability to defend itself in this action. For purposes of the *Poulis* analysis, "prejudice . . . does not mean irremediable harm," and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (internal quotation marks omitted). Courts also consider whether the party's conduct has resulted in "extra costs, repeated delay, and the need to file motions in response to the abusive behavior." *Chiarulli*

*v. Taylor*, Civ. A. No. 08-4400 (JBS) (AMD), 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010), *report and recommendation adopted*, Civ. A. No. 08-4400 (JBS) (AMD), 2010 WL 1566316 (D.N.J. Apr. 16, 2010) (internal quotation marks omitted).

Plaintiff's refusal to provide adequate written discovery responses or to appear at deposition has been prejudicial to defendant's ability to understand and defend against plaintiff's allegations, and has forced defendant to request, repeatedly, the Court's assistance in obtaining discovery. *See, e.g., Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920-21 (3d Cir. 1992) (finding plaintiffs were prejudiced by defendant's actions on the grounds that defendants did not provide adequate responses to plaintiffs' discovery requests or provide a pretrial memorandum); *Chiarulli*, 2010 WL 1371944, at *3 ("Defendants are prejudiced by Plaintiff's failure to appear at any of the Scheduling Conferences or otherwise pursue this case beyond the pleadings stage because they are unable to defend the case and resolve it in a timely manner."). Indeed, because plaintiff's written discovery responses were difficult to understand, and mindful of plaintiff's *pro se* status, the Court suggested that defendant should focus instead on discovering certain of plaintiff's litigation positions at oral deposition. Plaintiff's vague and amorphous written allegations, combined with her refusal to submit to deposition, has left defendant—after several years of litigation—unable to discern the basis for her allegations of discrimination in this action, and therefore without sufficient information to defend itself.

Furthermore, plaintiff's noncompliance with Court Orders has forced defendant to incur extra costs in defending this action. Specifically, defendant has appeared for initial conferences and a deposition that could not go forward due to plaintiff's absence. Defendant also had to file a motion to dismiss that was withdrawn without prejudice after plaintiff decided, belatedly, to agree to attend to her discovery obligations. Accordingly, the second *Poulis* factor favors dismissal.

### III. History of Dilatoriness.

As to the third *Poulis* factor, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Failure to appear for court conferences and depositions also creates a history of dilatoriness. *See Hoffman*, 621 F. App'x at 115 (affirming a finding of history of dilatoriness where plaintiff "turned over little or no discovery . . . , failed to appear for her deposition, and failed to be present telephonically for a pretrial hearing" and "offered often-inconsistent excuses for her behavior"); *Lee v. Sunrise Sr. Living, Inc.*, 455 F. App'x 199, 201-02 (3d Cir. 2012) (affirming dismissal under Rule 37 on the grounds that plaintiff repeatedly refused to appear for a court-ordered deposition or respond to discovery).

Plaintiff's history of dilatoriness is clear from the record. She failed to appear for two scheduled Rule 16 conferences, participate in the creation of a joint discovery plan, or timely answer defendant's written discovery requests despite extensions of time to do so. When plaintiff did respond to discovery requests, her responses were generalized and inadequate. Finally, plaintiff failed to appear for her deposition in July 2016, despite the Court's multiple Orders to appear. Plaintiff's consistent refusal to obey Court discovery Orders warrants dismissal.

### IV. Willfulness or Bad Faith

The record shows that plaintiff's failure to participate in discovery is willful. In the context of discovery sanctions, willfulness and bad faith involve "intentional and self-serving behavior." *Adams*, 29 F.3d at 875. Initially, plaintiff failed to appear for two Rule 16 conferences, and yet appeared at the Court's Order to Show Cause hearing to avoid her case being dismissed. After the Court entered a discovery schedule, Plaintiff twice indicated that she would not be responding to

defendant's discovery requests. She later requested an extension of time to do so only after the Court permitted the defendant to file its first motion to dismiss in February 2016. Indeed, the Court has given plaintiff numerous extensions of time and "second chances" when she has failed to appear at court conferences and respond to discovery. On the occasions when plaintiff has participated in court proceedings, she has expressed her disdain for defendant's right to take discovery from her on the claims she opted to bring against defendant.

Finally, when the Court ordered plaintiff to appear at deposition, she sought to be relieved from this obligation. The Court was clear in multiple Orders that she must appear for deposition or consider alternatives to continuing with this litigation.[3] But she failed to comply with the Court's Order to appear for deposition on July 13, 2016. Although she states that she is having personal problems that preclude her from giving a deposition, the Court is aware that she has nonetheless made personal visits to the Courthouse after failing to appear for deposition, and she has written the Court on numerous occasions since then as well. Given the history of this case and the Court's extensive dealings with plaintiff, it is clear to the Court that her failure to be deposed is willful and solely a result of her efforts to avoid submitting to deposition. *See Pik v. Univ. of Pennsylvania*, 457 F. App'x 122, 125 (3d Cir. 2012) (finding plaintiff's conduct was willful on the grounds that he filed letters stating explicitly that he would not submit to a deposition or provide medical authorizations).

### V.   Effectiveness of Alternative Sanctions

Plaintiff's record of noncompliance makes clear that any lesser sanctions would not be effective. Given her repeated refusal to meaningfully participate in any discovery, allowing the

---

[3] In view of the indefinite length of the stay plaintiff seemed to desire, as well as plaintiff's dilatory and evasive conduct during the litigation, the Court in its discretion did not deem a stay an appropriate alternative.

case to proceed but barring her from "producing evidence on issues where she had impeded discovery would have resulted in a futile lawsuit, amounting to an effective dismissal of the case." *Hoffman*, 621 F. App'x at 116 (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)). The Court has given plaintiff numerous opportunities to participate and warnings that failure to participate could lead to dismissal, to no avail. Moreover, because plaintiff is proceeding *in forma pauperis*, (ECF No. 118), monetary sanctions would not be effective, either. *See id.* at 115-16 ("When a party lacks significant financial means, monetary penalties are not likely to have impact.").

It would be fundamentally unfair to defendant at this point to prolong this action further in the hope that plaintiff will cooperate in discovery if given yet another opportunity to do so. This action has been pending for two and a half years, and fact discovery still has not been able to be completed due to plaintiff's refusal to comply with her discovery obligations. Meanwhile, the memories of defendant's witnesses fade and defendant's costs of litigation mount. For all of these reasons, the Court does not find any lesser sanction than dismissal with prejudice would be effective or appropriate.

### VI. Meritoriousness of the Claims

Given that plaintiff became unresponsive at a preliminary stage of the action, the Court is unable to determine in any detail the potential merit of plaintiff's claims. Nevertheless, the Court notes that plaintiff's allegations against defendant of illegal employment discrimination have been general and conclusory. In any event, it is sufficient that the other *Poulis* factors favor dismissal. *Mindek*, 964 F.2d at 1373; *see also Pik*, 457 F. App'x at 125–26 (dismissing action "[r]egardless of whether any of [the pro se plaintiff's] allegations could be deemed meritorious," reasoning that "other factors weigh[ed] in favor of dismissal").

11

In sum, Plaintiff has ignored multiple Court Orders, including an Order to submit to her duly noticed deposition, which demonstrates a pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes her inability or refusal to comply with pretrial Orders and her failure to adequately prosecute this matter.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's Complaint be stricken and the matter be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b), 37(b)(2)(A), and 16(f)(1). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: January 12, 2017

*/s/ Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:    Clerk of the Court
cc:    Hon. Susan D. Wigenton, U.S.D.J.
       All Parties